1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JMT INC., a California Corporation,        **CASE NO: 2:15-CV-08603 BRO-JC**
                                                  **C/W      2:15-CV-09320-BRO-JC**
12              Plaintiff,

13         v.                                    **DISCOVERY MATTER**

14   INTERMATIC INC., an Illinois
     Corporation; BROAN-NUTONE,                  **AMENDED PROTECTIVE ORDER**
15   LLC, a Delaware Corporation, and
     DOES 1 to 10, inclusive,
16
                Defendants.
17

18   SENTRY MUTUAL INSURANCE
     COMPANY, as subrogee of JMT
19   INC.,

20              Plaintiff,

21         v.

22   INTERMATIC INC., an Illinois
     Corporation; BROAN-NUTONE,
23   LLC, a Delaware Corporation, and
     DOES 1 to 25, inclusive,
24
                Defendants.
25

26        1.    A.  <u>PURPOSES AND LIMITATIONS</u>

27              As the parties have represented that discovery in this action is likely to

28   involve production of confidential, proprietary, or private information for which

{00015969.DOCX}

special protection from public disclosure and from use for any purpose other than prosecuting, defending or settling this litigation may be warranted, this Court enters the following Protective Order ("Order"). This Order does not confer blanket protections on all disclosures or responses to discovery. The protections of this Order extend only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, including confidential information in any papers to be filed with the Court does not entitle the parties to file confidential information under seal. Rather, the parties must seek permission from the Court to file material under seal in accordance with Local Rule 79-5.2.2 and any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential material, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information or documents as confidential without a good faith belief that such information or documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>:  The consolidated actions titled *JMT Inc. v. Intermatic Inc. et al.*, Case No. 2:15-CV-08603 BRO-JC and *Sentry Mutual Insurance*

*Company, as subrogee of JMT Inc. v. Intermatic Inc. et al.*, Case No. 2:15-CV-09320-BRO-JC.

        2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.3 "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

        2.4 "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        2.5 <u>Counsel</u>: attorneys retained to represent a party to this Action and are designated counsel of record, as well as their support staff.

        2.6 <u>House Counsel</u>:  attorneys who are employees of a Party.

        2.7 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        2.8 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

        2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

        2.10 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a Court hearing or at trial shall be governed by the Orders of the presiding judge.  This Order does not govern the use of Protected Material during a Court hearing or trial.

4.   <u>DURATION</u>

The confidentiality obligations imposed by this Order shall remain in effect, even after final disposition of this litigation, until a Designating party agrees otherwise in writing or a Court Order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims in this Action with prejudice; or

(2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Limitations: Each Party or Non-Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (including but not limited to unnecessarily encumbering the case development process, or imposing unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to the attention of a Designating Party that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties and Non-Parties that it is withdrawing the inapplicable designation, with specificity.

5.2   Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" to each page that contains Protected Material. If only a portion of the information on a page qualifies for protection, the Producing Party must clearly identify the protected portion by making appropriate markings in the margins, and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, that the Designating Party identifies on the record, before the close of the deposition, that the testimony be separately marked by the Court Reporter as Protected Material.  When it appears that substantial portions of the testimony may qualify for protection, but it is impractical to identify separately each portion of testimony that is entitled to protection without unnecessarily delaying the deposition, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have an opportunity to review a rough draft of the transcript, at the expense of the requesting party, and within 10 days after

receipt of the rough draft transcript, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), and to advise all other parties of the protection being sought. Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Order. It shall be the obligation of the Party seeking protection under this Order to ensure, at the expense of the party designating protection, that in preparing the certified transcript the court reporter separately binds the pages containing Protected Material, and affixes to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony; and

(c)  for information produced in a form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1  <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Civil

Trial Order.

6.2  <u>Meet and Confer</u>:   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3  <u>Burden</u>: The burden of persuasion in any proceeding to challenge a designation of confidentiality shall be on the Designating Party. Frivolous challenges or those made for an improper purpose, such as to harass or impose unnecessary expenses and burdens on other parties, may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1  <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon final disposition of the Action, a Receiving Party must comply with the provisions of Section 12 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise Ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a) Receiving Party's Counsel, as well as employees of said Counsel, to whom disclosure is reasonably necessary for this Action;

(b) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Receiving Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of the information or items or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and their attorneys to whom disclosure is reasonably necessary for this Action, provided that:

(1) the witnesses and their attorneys sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

(2) the witnesses and their attorneys will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter, as requested under Section 5.2(b), and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, and who have signed the "Acknowledgment and Agreement to Be

1  Bound" (Exhibit A).

2      7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

3  EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or

4  permitted in writing by the Designating party, a Receiving Party may disclose

5  information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

6  EYES ONLY" only to:

7      (a) Receiving Party's Counsel, as well as employees of said

8  Counsel, to whom disclosure is reasonably necessary for this Action;

9      (b) Receiving Party's Experts to whom disclosure is reasonably

10 necessary for this Action and who have signed the "Acknowledgment and

11 Agreement to Be Bound" (Exhibit A);

12     (c)  the Court and its personnel;

13     (d)  private court reporters and their staff to whom disclosure is

14 reasonably necessary for this Action and who have signed the "Acknowledgment

15 and Agreement to Be Bound" (Exhibit A);

16     (e)  professional jury or trial consultants, mock jurors, and

17 Professional Vendors to whom disclosure is reasonably necessary for this Action

18 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

19 A);

20     (f) the author or recipient of the information or items or a

21 custodian or other person who otherwise possessed or knew the information;

22     (g) any mediator or settlement officer, and their supporting

23 personnel, mutually agreed upon by any of the parties engaged in settlement

24 discussions and who have signed the "Acknowledgment and Agreement to Be

25 Bound" (Exhibit A).

26     8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

27 PRODUCED IN OTHER LITIGATION

28     If a Party is served with a subpoena or a Court Order issued in other

{00015969.DOCX}

litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or Order to issue in the other litigation that some or all of the material covered by the subpoena or Order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with the Designating Party whose Protected Material may be affected in pursuing all reasonable procedures related to the subpoena or Court Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or Order issued, unless the Party has obtained Designating Party's permission, or unless otherwise required by the law or Court Order.  The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)  If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1 within fourteen (14) days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court, unless otherwise required by the law or Court order.

Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Order.

11.  MISCELLANEOUS

11.1  Right to Further Relief: Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

11.2  Right to Assert Other Objections: No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order, and no Party waives any right to object on any ground to the use in evidence of any of the material covered by this

{00015969.DOCX}

-13-

1   Protective Order.

2       11.3   <u>Filing Protected Material</u>: A Party that seeks to file any papers

3   with the Court that contain any Protected Material must seek permission from the

4   Court to file the Protected Material under seal in compliance with Local Rule 79-

5   5.2.2 and any pertinent Orders of the District Judge and Magistrate Judge. Protected

6   Material may only be filed under seal pursuant to a Court Order authorizing the

7   sealing of the specific Protected Material at issue. If a Party's request to file

8   Protected Material under seal is denied by the Court, then the Receiving Party may

9   file the information in the public record unless otherwise instructed by the Court.

10      12.   <u>FINAL DISPOSITION</u>

11      Within 60 days after the final disposition of this Action, as defined in

12   Section 4, each Receiving Party must return all Protected Material to the Producing

13   Party or destroy such material. As used in this subdivision, "all Protected Material"

14   includes all copies, abstracts, compilations, summaries, and any other format

15   reproducing or capturing any of the Protected Material, except that Counsel may

16   retain an archival copy of all pleadings, motion papers, trial, deposition, and

17   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

18   expert reports, attorney work product, and consultant and expert work product, even

19   if such materials contain Protected Material. Any such archival copies that contain

20   or constitute Protected Material remain subject to this Protective Order as set forth

21   in Section 4.

22      Whether the Protected Material is returned or destroyed, the Receiving

23   Party must submit a written certification to the Producing Party (and, if not the

24   same person or entity, to the Designating Party) by the 60-day deadline that (1)

25   identifies (by category, where appropriate) all the Protected Material that was

26   returned or destroyed, and (2) affirms that the Receiving Party has not retained any

27   copies, abstracts, compilations, summaries, or any other format reproducing or

28   capturing any of the Protected Material.

1    13.  Any violation of this Order may be punished by any and all

2    appropriate measures including, without limitation, contempt proceedings and/or

3    monetary sanctions.

4            IT IS SO ORDERED.

5

6    DATED:  February 23, 2016

7                                                    _____

8                                                    /s/
                                                     Honorable Jacqueline Choolian
                                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4          I, _____, declare under penalty

5     of perjury under the laws of the United States of America and the State of

6     California that I have read in its entirety and understand the terms of the Protective

7     Order issued by the United States District Court for the Central District of

8     California on February 23, 2016 in the consolidated cases titled *JMT Inc. v.*

9     *Intermatic Inc., et al.*, Case No. 2:15-CV-08603 BRO-JC and *Sentry Mutual*

10    *Insurance Company, as subrogee of JMT Inc. v. Intermatic Inc. et al.*, Case No.

11    2:15-CV-09320-BRO-JC.  I agree to comply with and to be bound by all the terms

12    of the Protective Order and I understand and acknowledge that my failure to so

13    comply could expose me to sanctions and punishment in the nature of contempt. I

14    solemnly promise that I will not disclose in any manner any information or item

15    that is subject to this Protective Order to any person or entity except in strict

16    compliance with the provisions of the Protective Order.

17          I further agree to submit to the jurisdiction of the United States District

18    Court for the Central District of California for the purpose of enforcing the terms of

19    the Protective Order, even if such enforcement proceedings occur after termination

20    of this action.

21    Dated: _____

22    City and State where sworn and signed: _____

23    Printed name: _____

24    Signature: _____

25    Address: _____

26

27

28

{00015969.DOCX}

-16-

1105913/26345851v.1